IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:25-cv-00599

VIRGINIA L. WALKER,

Plaintiff,

v.

TRAVELERS PERSONAL INSURANCE COMPANY (A SUBSIDIARY OR AFFILIATE OF THE TRAVELERS INDEMNITY COMPANY,

Defendant.

**NOTICE OF REMOVAL OF CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Travelers Personal Insurance Company (a subsidiary or affiliate of The Travelers Indemnity Company ("Travelers"), by and through its undersigned counsel, hereby removes this action from the Superior Court Division of the North Carolina General Court of Justice, in and for Mecklenburg County, to the United States District Court for the Western District of North Carolina. In support thereof, Travelers states as follows:

1. This case was originally filed in the Superior Court Division of the North Carolina General Court of Justice, in and for Mecklenburg County, on June 13, 2025, under the name and style of *Virginia L. Walker v. Travelers Personal Insurance Company (a subsidiary or affiliate of The Travelers Indemnity Company*, 25CV29668-590. (*See* true and accurate copies of the Civil Summons and Complaint, attached respectively as

**Exhibits 1 and 2**). Because Mecklenburg County is situated within this district, this Court is the proper venue for removal. *See* 28 U.S.C. § 1446(a).

2. On June 23, 2025, the North Carolina Department of Insurance ("DOI") received and accepted copies of the Civil Summons and Complaint.

3. On June 27, 2025, DOI mailed copies of the Civil Summons and Complaint to Travelers as noted in its "Service of Process" letter. *(See* a true and accurate copy of the letter, attached as **Exhibit 3**).

4. Travelers received copies of the Civil Summons and Complaint from the NC DOI, on July 11, 2025. (*See* a true and accurate copy of the mailing envelope with tracking results, attached as **Exhibit 4**). Accordingly, Travelers' time to remove has not yet expired. *See* 28 U.S.C. § 1446(b)(1); *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 393–94 (4th Cir. 2018) (finding that 30-day removal deadline does not start until the insurer actually receives the notice from the North Carolina Department of Insurance).

**JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332**

5. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00 and there is complete diversity among Plaintiff and Travelers.

**I. Complete Diversity of Citizenship Exists**

6. According to the Complaint, Plaintiff is a citizen of North Carolina.

7. Travelers is a corporation organized and existing under the laws of the State of Connecticut and has its principal office located in Hartford, Connecticut. Therefore, Travelers is a citizen of Connecticut.

8. Thus, because the parties to this action are citizens of different States, complete diversity exists.

## II. <u>The Amount in Controversy Exceeds $75,000</u>

9. As stated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. The Complaint alleges that Travelers breached its contract with Plaintiff and as a result, she has suffered contractual damages in excess of $25,000.00. (*See* Ex. 2 at ¶¶ 6, 15, and 18).

11. Plaintiff's Complaint also states that Travelers "committed an unfair and/or deceptive act or practice by failing to pay benefits to the Plaintiff for the covered loss." (*See id.* at ¶ 35).

12. Plaintiff thereafter alleges she is "entitled to treble compensatory damages" under her Unfair and Deceptive Trade Practices count. (*See id.* ¶ 40).

13. Plaintiff further alleges bad faith against Travelers in that Travelers allegedly acted "unreasonably and in bad faith" by failing to pay the plaintiff the monies due to her. (*See* Ex. 2 at ¶ 27).

14. When determining the amount in controversy, "the district court should consider any special or punitive damages, such as treble damages" available under state unfair trade practices statutes. *R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001) (per curiam); *see also Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983). In addition, Plaintiff's claim of common law bad faith

and entitlement to punitive damages, may also be considered when calculating the amount in controversy. *Id.*

15. Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied.

## CONCLUSION

16. As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C §§ 1332 and 1441.

17. Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district embracing the place where the originally filed State Action is pending.

18. Pursuant to 28 U.S.C. § 1446(a), the Summons is attached as **Exhibit 1** and the Complaint is attached as **Exhibit 2**. No other pleadings, process, or orders have been served upon Travelers in this action.

19. All documents associated with Case No. 25CV29668-590 of which Defendant is aware are attached hereto.

20. Travelers reserves all defenses based on personal jurisdiction, sufficiency of service of process, sufficiency of process, and any other defense available under Rule 12(b) of the Federal Rules of Civil Procedure.

21. Pursuant to 28 U.S.C. § 1446(d), notice of this removal will be promptly filed with the clerk of the Superior Court for Mecklenburg County, and served on the other parties to this action forthwith.

Respectfully submitted, this the 8th day August, 2025.

/s/ *Danya K. Nayfeh*
Rachel E. Keen (N.C. Bar No. 27777)
Andrew K. Sonricker (N.C. Bar No. 55224)
Danya K. Nayfeh (N.C. Bar No. 59673)
Womble Bond Dickinson (US) LLP
301 S. College Street, Suite, 3500
Charlotte, North Carolina 28202
Telephone: (704) 444-2977
Facsimile: (704) 331-4979
Email: rachel.keen@wbd-us.com
andrew.sonricker@wbd-us.com
danya.nayfeh@wbd-us.com

*Attorneys for Defendant Travelers Personal Insurance Company (a subsidiary or affiliate of The Travelers Indemnity Company)*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is the attorney at law licensed to practice in the State of North Carolina, is the attorney for Defendant in this matter, and is person of such age and discretion as to be competent to serve process.

That on August 8, 2025, she served a copy of the foregoing **NOTICE OF REMOVAL** via mail to:

Alexandrea M. Everson
Everson & Memic Law, LLP
2013 Old Regent Way, Suite 150, #225
Leland, North Carolina 28451

*Attorney for Plaintiff*

/s/ *Danya K. Nayfeh*
Danya K. Nayfeh, (N.C. State Bar No. 59673)
Womble Bond Dickinson (US) LLP
301 S. College Street, Suite, 3500
Charlotte, North Carolina 28202
Telephone: (704) 444-2977
Facsimile: (704) 331-4979
Email: danya.nayfeh@wbd-us.com

*Attorneys for Defendant Travelers Personal Insurance Company (a subsidiary or affiliate of The Travelers Indemnity Company)*